IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELISSA KELLY HOYLE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CIVIL ACTION NO.<br>3:21-cv-396-WKW-SRW<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 15, 2021, federal prisoner Melissa Kelly Hoyle, who was sentenced by this Court in 2018 to 100 months in prison for unlawful distribution of a controlled substance,[1] filed this "Motion for Hardship Credit for Hard Time Served," in which she requests that the Court grant her two days of credit for every day of her confinement at FCI Aliceville in Aliceville, Alabama. Doc. 2. The Court has construed Hoyle's motion for hardship credit as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 5.

Under 28 U.S.C. § 2241, a federal prisoner may challenge how her sentence is executed through a petition for writ of habeas corpus. *Bishop v. Reno*, 210 F.3d 1295, 1304 (11th Cir. 2000). Such a petition "may be brought *only* in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (emphasis added); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).[2]

---

[1] *See United States v. Hoyle*, Case No. 3:18-cr-04-WKW (M.D. Ala. 2018).

[2] Pursuant to 18 U.S.C. § 3585, "the Attorney General—acting through the BOP—initially possesses the exclusive authority" for the computation of federal sentences. *United States v. Wilson*, 503 U.S. 329, 337 (1992). The BOP, and not the courts, is responsible for computing sentence credit awards. *See United States v. Setser*, 607 F.3d 128, 132–33 (5th Cir. 2010). Prisoners seeking habeas relief, including relief pursuant

Under 28 U.S.C. § 1631, a federal court that finds it lacks jurisdiction over a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed.

Here, when Hoyle filed her petition, she was incarcerated at FCI Aliceville, which is in the Northern District of Alabama. Accordingly, this Court does not have jurisdiction to hear Hoyle's § 2241 petition. However, considering that Hoyle is proceeding pro se and could have filed her petition in the Northern District of Alabama, the court finds it is in the interest of justice to transfer this case to the United States District Court for the Northern District of Alabama.[3]

The undersigned therefore

RECOMMENDS that this case be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.[4]

It is ORDERED that the parties shall file any objections to this Recommendation by **October 22, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal

---

to § 2241, are subject to administrative exhaustion requirements.'" *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (quoting *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004)).

[3] Since filing her petition, Hoyle has been transferred to the Alderson Federal Prison Camp in Alderson, West Virginia.

[4] In filing her petition, Hoyle failed to pay the requisite filing fee or submit an application to proceed *in forma pauperis*. The undersigned concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Norther District of Alabama.

and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE, on this the 7th day of October, 2021.

                                           /s/ Susan Russ Walker
                                           Susan Russ Walker
                                           United States Magistrate Judge